# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**FARREL KEITH HALL,**

**Petitioner,**

**-vs-**
           **Case No.  2:04-cv-548-FtM-29DNF**
                  **2:02-cr-117-FtM-29DNF**

**UNITED STATES OF AMERICA,**

**Respondent.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This Cause is before the Court on the Petitioner Farrell Keith Hall's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1, in the civil case) filed on November 1, 2004. On September 1, 2005, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 18 in the civil case) which referred "that portion of the Petitioner's Motion to Vacate, Set Aside or Correct Sentence dealing with the failure to file a notice of appeal" to this Court "for the purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition" of the issue of whether the Petitioner received ineffective assistance of counsel by his counsel's failure to file a Notice to Appeal. (See, Order, Doc. 18, in the civil case). An evidentiary hearing was held on November 3, 2005, and the evidence was limited to this issue. The Court appointed attorney Darlene Calzon Barror to represent the Petitioner.

## I.  History of Case

Farrel Keith Hall (Hall or Petitioner) was charged in a Superseding Indictment (Doc. 46 in the criminal case).  In Count One, Hall was charged with conspiring with others to import cocaine into the United States in violation of 21 U.S.C. §§953, 963 and 960(b)(1)(B)(ii).  In Count Two, Hall was charged with conspiring with others to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), 846, and 841(b)(1)(A)(ii).  In Count Three, Hall was charged with importing into the United States five (5) kilograms or more of  cocaine in violation of 21 U.S.C. §§952(a) and 960(b)(1)(B)(ii), and 18 U.S.C. §2.  In Count Four, Hall was charged with possessing and aiding and abetting the possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(ii), and 18 U.S.C. §2.

Attorney Thomas Ostrander (Ostrander) was appointed to represent Hall on April 10, 2003. (Doc. 168, in the criminal case).  Hall entered a plea of guilty to Count One of the Superseding Indictment on April 29, 2003, before the Honorable Sheri Polster Chappell, United States Magistrate Judge.  Judge Chappell entered a Report and Recommendation (Doc. 238, in the criminal case) on April 28, 2003, that the plea of guilty be accepted by the District Court.  On May 5, 2003, Judge Steele accepted the plea of guilty and adjudicated Hall guilty as to Count One.  On October 27, 2003, Judge Steele sentenced Hall to 151 months imprisonment, and a term of 5 years supervised release. (See, Doc. 481, in the criminal case).  Hall was advised of his right to appeal.  (See, Doc. 481, in the criminal case).  At the sentencing, Judge Steele informed Hall,

> to the extent permitted by your plea agreement, I would advise you that you have the right to appeal the judgment and sentence in the case.  To do that you have to the [sic] file notice of appeal within ten days of the entry of the judgment.  If you fail to file the notice of appeal within that ten-day period you waive or give up your right to take an appeal.

> If you wish to file an appeal you have a right to be represented by an attorney. Mr. Ostrander, who is court appointed, will continue to represent you in that matter. Mr. Ostrander will consult with you within that ten-day period to determine whether you wish to file a notice appeal.  Do you understand those things?
> THE DEFENDANT:   Yes, sir.

(Doc. 623, p. 18).  No notice of appeal was filed, and Hall argues that he is entitled to file an out-of-time appeal.

## II.  Testimony and Evidence

Thomas Ostrander (Ostrander) testified that he has been an attorney since October 1985, and specialized in criminal defense work. (Tr.[1] p. 4).    He was appointed by the Court to represent Hall who was charged in a drug conspiracy. (Tr. p. 4).   Ostrander discussed the Plea Agreement with Hall including all of its terms, and the decision was made to enter a plea of guilty and cooperate with the Government.  (Tr. p. 4-5).  After discussing the Plea Agreement, Hall signed the Plea Agreement and initialed each page at the jail where he was housed. (Tr. p. 5-6).  Specifically, Hall initialed page 12, paragraph 5 which is entitled "Appeal of Sentence: Waiver" and provides in part as follows:

> Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

---

[1]  "Tr." refers to the Transcript of the evidentiary hearing held on November 3, 2005.

(Gov. Exh. 1, Tr. p. 6).  Ostrander explained to Hall that if he signed the Plea Agreement, that "he's waiving any opportunity he may have had to appeal any errors that may have been committed by the Court or any, perhaps, issues that may have arisen as appellate issues as a result of any actions on my part.  And that by waiving this, I explained to him that there are only three grounds for an appeal, which are set forth in that paragraph, that he could appeal an upward departure, an illegal sentence, or anything that's appealed by the Government."  (Tr. p. 6-7).  Ostrander did not recall that Hall had any reservations in signing the Plea Agreement. (Tr. p. 7).  Based upon Hall's cooperation, Ostrander anticipated a motion for downward departure at the time of sentencing.  (Tr. p. 7).  Ostrander testified that he thought there were no grounds for appeal.  (Tr. p. 8).  At sentencing, Hall did  receive a downward departure on his sentence for his cooperation. (Tr. p. 9).

Ostrander did not recall any discussions that he had with Hall after sentencing regarding Hall's appellate rights. (Tr. p. 9).  He did recall discussing appellate issues before Hall signed the Plea Agreement and in between the time the Plea Agreement was signed and Hall's sentencing, telling Hall that there were no grounds for appeal. (Tr. p. 11). Ostrander did not recall Hall asking him to file an appeal on his behalf.  (Tr. p. 9-10).   However, Ostrander emphasized that if Hall requested that Ostrander file a Notice of Appeal, Ostrander would have filed the Notice. (Tr. p. 10, 11). Ostrander did not interpret Judge Steele to have ordered him to consult with Hall when Judge Steele stated, "Mr. Ostrander will consult with you within that ten-day period to determine whether you wish to file a notice appeal."  (Tr. p. 11-12).

Farrell Keith Hall testified that after sentencing he waited for Ostrander to visit him concerning filing a Notice of Appeal. (Tr. p. 16).  Hall contacted Ostrander by telephone 2 days prior to the 10 day time period expiring. (Tr. p. 16).  Hall asked Ostrander if he had filed a Notice of Appeal.  (Tr.

p. 16).  Ostrander told Hall that there was no reason to appeal.  (Tr. p. 16).  Hall then asked Ostrander

what he should do and Ostrander told  Hall to  keep cooperating.  (Tr. p. 16).   Hall testified that he

told Ostrander after sentencing to file an appeal on his behalf.  (Tr. p. 16).   Hall was told by co-

defendants that at sentencing he should not raise certain issues, but instead should raise them on

appeal. (Tr. p. 16-17).  Hall wanted to appeal the issue of his role in the conspiracy. (Tr. p. 17).  He

believed he should have received a lesser sentence based upon his minor role. (Tr. p. 17).

Hall admitted that he received a substantial reduction in his sentence based upon his

cooperation. (Tr. p. 19).  He knew the if he had not cooperated and entered a plea of guilty, he would

not have received the downward departure. (Tr. p. 20).  Hall testified that he told Ostrander to file an

appeal right after sentencing.  (Tr. p. 21).  Hall admitted that he signed the Plea Agreement and

initialed pages 12 and 13.  (Tr. p. 23).   Hall claimed that he did not understand the "Appeal and

Sentence Waiver" section of the Plea Agreement and thought that it dealt with waiving a jury trial.

 (Tr. p. 23).

### III.  Analysis

The issue referred to this Court is whether Petitioner's counsel was ineffective for not filing

a notice of appeal.

#### A.  The *Strickland* Test

The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant

claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an

objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the

defendant. *Id*. at 694.  This test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

## B.  Specific Instruction by Defendant

The Court first must consider whether the defendant specifically told counsel that he wanted counsel to file a notice of appeal.  The Supreme Court has long held that if counsel disregards specific instructions from a defendant to file a notice of appeal, then counsel's actions are considered "professionally unreasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  When counsel fails to file a notice of appeal, the defendant is entitled to a new appeal without showing that his appeal has merit. *Id*.  "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*.  If a defendant definitively tells his counsel **not** to file a notice of appeal, then the defendant cannot later claim that his counsel was deficient in not filing an appeal.  *Id*, emphasis added.

## C.  Requirements of Consultation

If a defendant has not conveyed to his counsel any direction concerning an appeal, then to determine if counsel was deficient in failing to file a notice of appeal, a court must first ask:  "whether counsel in fact consulted with the defendant about an appeal.  We employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478.  If counsel did consult with his client, then the question of whether counsel's performance is ineffective can be answered as follows: "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instruction with respect to an appeal." *Id*.

### D.  Failure to Consult

If counsel fails to consult with his client, then the court must inquire into whether this failure to consult constitutes a deficient performance. *Id*. The Supreme Court has found that it is a "better practice " for counsel to routinely consult with the defendant concerning the possibility of appeal.  *Id*. at 479.  The Supreme Court has held,

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.

*Id*. at 480.

One important factor to be considered by the Court is whether the defendant entered a plea of guilty or went to trial.  *Id*. at 480.  If the defendant entered a plea of guilty, then the scope of the issues to be appealed is lessened and it may mean that the defendant seeks an end to judicial proceedings. *Id*.  Even if a defendant enters a plea of guilty, the court "must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.  Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id*.  The defendant must demonstrate that but for counsel's deficient performance, he would have appealed his case, and if he can so demonstrate, then he has successfully met the second prong of the *Strickland* test and has proven ineffective assistance of counsel, permitting him an out-of-time appeal.  *Id*. at 484, 486.

### E.  The Instant Case

The Court reviewed Ostrander's conversations with Hall regarding an appeal in this case and his testimony at the evidentiary hearing.  Ostrander testified that he spoke with Hall prior to sentencing about his right to appeal, and the grounds that Hall was waiving regarding an appeal.   Ostrander testified that he clearly explained the waiver provision in the Plea Agreement prior to the sentencing. Ostrander also testified that prior to sentencing he told Hall that there were no grounds for appeal, and the reasons why there were no grounds for appeal. Ostrander does not recall Hall telling him he wanted to appeal, however Ostrander emphasized that if Hall asked for an appeal, Ostrander would have filed a notice of appeal even though Ostrander believed there were no grounds to appeal.

Judge Steele clearly informed Hall of his right to appeal at the sentencing to the extent permitted by his plea agreement.  Judge Steele also advised Hall that he had to file the notice of appeal within ten days of entry of the judgment, and advised Hall that if he failed to file this notice of appeal, he would waive his right to appeal.

Hall's memory of the events that took  place differs from Ostrander's recollection. Hall testified that he asked Ostrander to file an appeal immediately after sentencing before he was taken back to his cell.  Judge Steele told Hall at sentencing that Ostrander would consult with Hall within a ten-day period to determine whether Hall wished to file a notice appeal. After sentencing Hall was concerned that Ostrander had not contacted him, so on the eighth day after sentencing, Hall contacted Ostrander by telephone to find out the status of his appeal.  Hall testified that when he asked Ostrander about the status of the appeal, Ostrander told Hall that there were no grounds for an appeal, and that Hall should continue cooperating.

The Court must first consider whether Hall unequivocally asked Ostrander to file a notice of appeal. Hall testified that he asked Ostrander to file an appeal on his behalf at the conclusion of his sentencing. Ostrander did not recall Hall asking him to appeal, but Ostrander testified that if a client asked him to file an appeal he would have filed the appeal even if there were no grounds to appeal. Hall presented no evidence that corroborated his statement that he asked Ostrander to file a notice of appeal after sentencing, and Ostrander's testimony was credible that he would have filed a notice of appeal if asked, even if there were no grounds to appeal.

Finding Ostrander's testimony credible that Hall did not ask him to file a notice of appeal, the Court must consider whether Ostrander consulted with Hall concerning filing an appeal. Ostrander testified that he had detailed conversations concerning a possible appeal prior to Hall signing the Plea Agreement. Ostrander explained the paragraph concerning what rights Hall was waiving concerning an appeal by entering the Plea Agreement. Ostrander explained the three grounds that Hall could raise on appeal. Ostrander also discussed filing an appeal after the Plea Agreement was signed and before sentencing. At sentencing, Judge Steele also clearly informed Hall of his right to appeal, and the time frame to file a notice of appeal. While Judge Steele did inform Hall that Ostrander would be consulting with him after sentencing concerning his wish to file a notice of appeal, Judge Steele could not have known that Ostrander had already fulfilled his obligation to consult with Hall prior to the sentencing. Judge Steele was merely summarizing generally the Defendant's rights. Judge Steele's comments were not an order and there is no requirement that an attorney contact his client during the ten day period if the appeal issue has been adequately addressed. It was in this case.

**Conclusion**

The Court determines that Hall has failed to meet his burden pursuant to *Strickland v. Washington, supra.*   The Court respectfully recommends that the Petitioner's claim of ineffective assistance of counsel based upon attorney Thomas Ostrander failing to file a Notice of Appeal be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this _7th___ day of December, 2005.


_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies:

All Parties of Record